E-FILED
Friday, 08 September, 2006 01:10:34 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 03-20092 |
| JUAN WHITE, ) | |
| Defendant. ) | |

## OPINION

On November 7, 2003, Defendant Juan White was charged by indictment with one count of distributing 50 grams or more of a mixture and substance containing cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(a) ("Count I") and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) ("Count II"). On November 19, 2004, Defendant White pleaded guilty to Count II of the indictment. On April 7, 2005, following a jury trial, Defendant White was found guilty on Count I of the Indictment. On October 26 and November 17, 2005, and again on January 18, 2006, this court heard evidence on Defendant's objections to the pre-sentence report as well as mitigation evidence. The sentencing hearing in this matter is currently scheduled for October 13, 2006.

On August 30, 2006, Defendant White filed a Motion for Production of Evidence and Witnesses at Sentencing Hearing (#162). On August 31, 2006, Defendant filed a Supplement to the Motion (#163), and on September 5, 2006, Defendant filed a Second Supplement (#166) to the motion. In these documents, Defendant indicates he wishes to present an audio recording which was

presented in his trial as further evidence in support of his voluminous objections to the pre-sentence report. Defendant further wishes to present additional testimony from Trevor Stalets, who testified with regard to Defendant's objections on January 18, 2006. Defendant wishes to present this evidence with regard to his contention that he sold cocaine base rather than crack cocaine. The Government filed its Response (#167) on September 7, 2006, objecting to this court taking additional evidence.

The court finds that any evidence related to the issue of whether the Defendant sold cocaine base would be not only redundant, but irrelevant. On November 9, 2005, Defendant filed a Proffer of Expert Witness Testimony (#136) and Documents in Support of Edwards' Objection (#137). The Government filed its Response (#145) on December 2, 2005. Defendant filed his Reply (#147) on December 15, 2005. In these documents, Defendant White argues there is insufficient proof presented to this court that the substance for which he was convicted was crack as opposed to another form of cocaine base pursuant to the case of United States v. Edwards, 397 F.3d 570 (7th Cir. 2005).

On April 7, 2005, following a jury trial, Defendant White was convicted of distributing 50 or more grams of cocaine base ("crack"). Judges may not "disregard the jury's own conclusion that some fact has been established." United States v. Rivera, 411 F.3d 864, 866 (7th Cir. 2005). "Once the jury has spoken, its verdict controls unless the evidence is insufficient or some procedural error occurred; it is both unnecessary and inappropriate for the judge to reexamine, and resolve in the defendant's favor, a factual issue that the jury has resolved in the prosecutor's favor beyond a reasonable doubt." Rivera, 411 F.3d at 866.

This court has reviewed its notes of the jury trial in this matter and finds there was neither

insufficient evidence to support the jury's verdict that Defendant White distributed crack cocaine, nor was there some procedural error to taint the jury's verdict. Agent Trevor Stalets identified the substance the confidential informant, Troy Fuller, received from Juan White as "crack." Furthermore, Troy Fuller testified that he had experience cooking "crack" and identified the substance he purchased from Defendant White as "crack." The Seventh Circuit has recognized that "those who smoke, buy, or sell [crack cocaine] are the real experts on what is crack." United States v. Earnest, 185 F.3d 808, 812 (7th Cir. 1999). Furthermore, simply because the Illinois State Police forensic laboratory witness testified that her testing indicated the presence of "cocaine base" does not negate the jury's finding. Because cocaine base is a broader term than crack, her analysis is not inconsistent with the testimony of the remaining trial witnesses who indicated the substance was crack. See Earnest, 185 F.3d at 812.

Accordingly, this court concludes that Defendant White may not challenge the nature of the substance which he was convicted of selling. Therefore, any evidence regarding these issues would be irrelevant and the portion of Defendant's Motion for Production of Evidence and Witnesses at Sentencing Hearing (#162) seeking to play the audio tape or present further testimony of Trevor Stalets is DENIED.

Defendant White further seeks to take additional mitigation evidence in the form of the testimony of his wife, Angel White. Defendant indicates she was unable to be present due to logistical difficulties at the previous evidentiary hearings held by this court. While this court has allowed Defendant White numerous opportunities to present evidence, this court will allow limited testimony from Angel White in the form of mitigation evidence pursuant to 18 U.S.C. § 3553.

IT IS THEREFORE ORDERED:

(1)  Defendant's Motion for Production of Evidence and Witnesses at Sentencing Hearing (#162) with its accompanying Supplements (#163, #166) is GRANTED in part and DENIED in part.

(2) The United States Probation Office is directed to prepare a revised Pre-Sentence Report by October 6, 2006.  The parties are allowed until October 20, 2006, to present any additional objections to the revised Pre-Sentence Report.

(3) The sentencing hearing set in this matter for October 13, 2006, at 10:00 a.m. is VACATED and the final sentencing is reset to November 29, 2006, at 10:00 a.m.

ENTERED this 8th day of September, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE